Singh v. Sessions

BIA
Vomacka, IJ
A201 291 255

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand eighteen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

CHARANJIT SINGH,
> *Petitioner,*

v.                                                    16-3090
                                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony C.
                         Payne, Assistant Director; Lance
                         L. Jolley, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Charanjit Singh, a native and citizen of India, seeks review of an August 9, 2016, decision of the BIA affirming a June 23, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Charanjit Singh,* No. A201 291 255 (B.I.A. Aug. 9, 2016), *aff'g* No. A201 291 255 (Immig. Ct. N.Y. City June 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination

2

on "the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's conclusion that Singh was not credible.  Significant inconsistencies between Singh's testimony and application on one hand and his statements to an asylum officer on the other provide substantial evidence for the adverse credibility determination.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination).  Singh's application and testimony described five beatings by either members of the Congress Party or Hindu nationalists,

3

including incidents between 2007 and 2010. But when asked at his credible fear interview how many times he was harmed or threatened, he described only the two 2010 incidents. The agency reasonably relied on this omission to assess Singh's credibility. *See Xiu Xia Lin*, 534 F.3d at 166 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes); *Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) ("Omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." (internal quotation marks and brackets omitted)). The agency was not compelled to accept Singh's explanation that the interpreter told him only to answer the questions asked and nothing else, because the asylum officer specifically asked Singh how many times he was harmed. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

4

The agency also did not err in relying on the credible fear interview to assess Singh's credibility. Contrary to Singh's argument, "[w]here the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility." *Ming Zhang*, 585 F.3d at 725. The agency did not err in finding the interview record sufficiently reliable: it contains a recitation of the asylum officer's questions, Singh's responses, follow-up questions, and Singh's additional responses; and there is no indication that Singh did not understand the questions asked. *See id.* at 721, 725.

An inconsistency between Singh's testimony and a letter from his mother regarding his treatment by the police in India further supports the agency's conclusion that he was not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167 (reasoning that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination" and upholding reliance on omissions and inconsistencies stemming from letters). Singh's mother reported that he was "tortured by the police of India," whereas Singh stated that the police had never arrested or

5

harmed him.  Singh argues that the IJ failed to consider his explanation that the police refused to help him when he sought their assistance after he was attacked.  But the record reflects that the IJ considered this explanation; however, the IJ was not compelled to accept it because it did not resolve why Singh's mother claimed that the police tortured him.  *Majidi*, 430 F.3d at 80-81.

Given these omissions and inconsistencies, substantial evidence supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye*, 446 F.3d at 295-96.  Because Singh's claims all relied on his credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

6

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk